[No. 4,087.]

## THE PEOPLE *v.* E. JACOB ET AL.

LIABILITY OF COUNTY TREASURER.—If a County Treasurer receipts to persons who owe the State for land, without receiving the money, but with an understanding that such persons will pay him the money when he requires it to make a settlement, and the Treasurer soon after dies, and such persons pay the money to his successor in office, who credits it to the account of the deceased, the Treasurer's bondsman cannot be holden for the money, for the payment to the successor in office is a liquidation of the demand.

APPEAL from the District Court, Thirteenth Judicial District, Tulare County.

J. E. Scott was elected County Treasurer of Tulare county, on the 4th of September, 1867, and qualified and entered upon the discharge of his duties on the first Monday in March, 1868. The defendants became sureties on his official bond. He died on the 3d day of February, 1869. During his term of office, he gave receipts to various persons for money paid to him for land located, and made, in his books, the proper entries showing such money to have been paid, when in truth he did not receive the money, but

agreed with the parties to wait on them for the money until he was required to deposit it. The amount for which he thus receipted was $3,213 16. After Scott's successor in office had been appointed, these parties paid to the successor said sum, and he applied it to the credit of Scott. This action was brought against the bondsman to recover the sum of $2,720 66 claimed to be due. The Court below gave the plaintiff judgment for the sum of $2,601 25. The defendants appealed.

The other facts are stated in the opinion.

*James L. English,* for the Appellants.

*A. J. Atwill* and *John C. Burch,* for the Respondent.

By the Court, McKINSTRY, J.

On the facts found by the referee, judgment should have been for the defendants.

The referee finds that at the death of Scott, late Treasurer, there was to be accounted for by him the sum of $7,544 75; that since his death there had been paid to his successor in office, by the administrator of his estate $4,943, and by locators of swamp lands, to whom he had given receipts, but who (at the time of his death) had not actually paid the amounts due upon their locations, the sum of $3,213 16.

Judgment and order reversed, and the District Court directed to enter a judgment for the defendants.